UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | | |
|---|---|---|
| PACIFIC BULK CAPE COMPANY LIMITED, | § | |
| | § | |
| Plaintiff | § | NO. 5:14-CV- _____ |
| | § | |
| v. | § | |
| | § | |
| REFINED SUCCESS LTD., | § | |
| | § | |
| Defendant. | § | FED. R. CIV. P. 9(h), ADMIRALTY |

## VERIFIED COMPLAINT

Plaintiff PACIFIC BULK CAPE COMPANY LIMITED (hereinafter "PACIFIC BULK"), by its undersigned counsel, as and for its Verified Complaint against the Defendant REFINED SUCCESS LTD. ("REFINED"), avers and pleads as follows:

### I. JURISDICTION, VENUE AND PARTIES

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of maritime contracts – *i.e.* a voyage charter party.  This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.     At all times material hereto, Plaintiff was and still is a foreign business entity duly organized and existing under the laws of  Hong Kong.

3.     At all times material hereto, Defendant REFINED was and still is a foreign business entity, which upon information and belief is organized and existing under the laws of the British Virgin Islands.

1

4.      The jurisdiction of this Honorable Court is founded on the presence within the District of property belonging to the Defendant, *i.e.*, bunkers onboard the M/V BRIGHT HERO, IMO Number 9401831, which may be attached by process of maritime attachment and garnishment under the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, as pled in Section III of this Verified Complaint.

## II   THE SUBSTANTIVE CLAIMS

5.      On or about October 31, 2014, Plaintiff PACIFIC BULK, as disponent owners of the M/V GOLDEN BEIJING, entered into a voyage charter party agreement with Defendant REFINED, wherein Plaintiff agreed to carry and REFINED agreed to load a cargo of "IRON ORE, 170,000 MTS +/- 10%, MOLOCO" ("the Cargo") onboard the Vessel from Pepel, Sierra Leone to 1-2 safe berths, 1-2 safe port(s) in China.  A copy of the Charter Party is attached hereto as **Exhibit 1**.

6.      The voyage charter party agreement between PACIFIC BULK and REFINED is a maritime contract.

7.      The agreement provided for arbitration of disputes arising out of the maritime contract in London with English law to apply. *See* Exhibit 1 at Clause 29.

8.      In accordance with the charter agreement, Plaintiff duly tendered a notice of readiness on or about November 28, 2014. Despite tendering a notice of readiness, no cargo was loaded between November 28, 2014 – December 1, 2014.

9.      Throughout the period of December 1 – 31, 2014, REFINED breached the terms of the Charterparty, failed to perform the Charterparty with PACIFIC BULK, and otherwise renounced and/or acted in repudiatory breach of the Charterparty.

10.     Thereafter, by email notice on December 31, 2014, PACIFIC BULK accepted Defendant REFINED's repudiation/renunciation of the Charterparty.

11.     In breach of the Charterparty, REFINED failed to load and/or provide a cargo within the permitted laytime in accordance with the October 31, 2014 agreement, causing PACIFIC BULK significant damages, loses, costs, and expenses.

12.     Pursuant to the terms of the charter party, disputes between the parties are to be submitted to arbitration in London with English law to apply.  Plaintiff has commenced arbitration and submitted its claim submission on May 18, 2015.  A copy of the Claim Submission is attached hereto as **Exhibit 2**.

13.     The Charterparty provided for an agreed rate of demurrage at the rate of USD 40,000 per day. *See* Exhibit 1.  Demurrage accrued for a total of 26 days 15 hrs and 12 minutes (26.63319 days).

14.     The agreed rate of demurrage under the Charterparty was US$40,000 per day. Accordingly, REFINED is liable to pay PACIFIC BULK a total of US$1,025,377.81 (US$1,065,327.60 less 3.75% commission) in demurrage. *See* Exhibit 2, p. 11.

15.     Despite being duly and properly invoiced, REFINED has failed to pay the outstanding demurrage.

16.     In order to mitigate its losses and damages sustained by REFINED's breach of the Charterparty, PACIFIC BULK entered into a new charter party agreement with Gerald Metals SA on January 2, 2015. *See* Exhibit 2.

17.     In addition and/or in the alternative, as a result of the breach of the Charterparty by Defendant, PACIFIC BULK lost earnings in an amount of not less than USD 3,534,463.93. PACIFIC BULK did slightly mitigate its damages through earnings in the GM Fixture totaling

USD 854,978.83.  Accordingly, the total lost profits and damages incurred by PACIFIC BULK

as a result of Defendant's breach is losses totaling USD 2,679,485.10. *See* Exhibit 2, pp. 11-15.

18.    This action is an ancillary proceeding, brought in order to obtain security for

Plaintiff's claims in aid of the London arbitration proceedings.

19.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party

under English Law.  Sections 49 and 63 of the English Arbitration Act of 1996 specifically

allows for recovery of these items as part of an award in favor of the prevailing party.

20.    As best as can now be estimated, Plaintiff PACIFIC BULK expects to recover the

following amounts in London Arbitration from Defendant REFINED:

| | | |
|---|---|---|
| A. | Demurrage: | $1,025,377.82 |
| B. | Repudiatory/Renunciatory Breach: | $2,679,485.10 |
| C. | Estimated interest on Principal Claim: | $595,573.45 |
| D. | Estimated attorneys' fees and costs: | $600,000.00 |
| E. | **TOTAL:** | **$4,900,436.37** |

21.    Therefore, PACIFIC BULK's total claim for breach of the maritime contract

against Defendant REFINED is USD 4,900,436.37.

### III. APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

22.    The Defendant is not present and cannot be found in the District within the

meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims

of the Federal Rules of Civil Procedure and Defendant is believed to have or will have during the

pendency of this action certain assets, accounts, freights, monies, charter hire, credits, effects,

payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed

by, or for the benefit of, the Defendant within this District held by various parties, as garnishees. *See Attorney Declaration of George M. Chalos attached hereto as **Exhibit 3**.*

23.     Defendant is believed to have within the District tangible personal property comprised of bunkers onboard the M/V BRIGHT HERO, IMO Number 9401831, which is subject to attachment as security for Plaintiff's maritime claims.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays as follows:

A.     That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction issue against Defendant and said Defendant be cited to appear and answer the allegations of this Complaint;

B.     That if Defendant cannot be found within this district, then all of its respective property within this district, including debts, credits, or effects including but not limited to accounts, checks, disbursement advances, payments, bunkers onboard the bunkers on board the MV BRIGHT HERO, owned by the said Defendant located either onboard the said vessel or ashore or in the hands of persons named as garnishees in the Process of Maritime Attachment and Garnishment be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C.     That a judgment be entered against the Defendant in the sum of **USD 4,900,436.37,** and the proceeds of the assets attached be applied in satisfaction thereof;

D.     That the Court grant such other and further relief as it deems, just, equitable and proper.

Respectfully Submitted,

Date:   June 22, 2015          **CHALOS & CO, P.C.**


/s/ George M. Chalos
George M. Chalos (GC-8693)
CHALOS & CO, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone: (516) 714-4300
Facsimile: (516) 750-9051
E-mail: gmc@chaloslaw.com

Michelle Otero Valdes
Florida Bar No. 14990
141 Almeria Avenue
Coral Gables, FL33134
Telephone (305) 377 3700
Facsimile: (866) 702 4577
E-mail: mov@chaloslaw.com

*Attorneys for Plaintiff*
PACIFIC BULK CAPE COMPANY
LIMITED


**OF COUNSEL:**

**BRYANT & HIGBY, CHARTERED**
Clifford C. Higby, Esq.
Florida Bar No.: 0793809
Kevin D. Barr
Florida Bar No.: 0088938
833 Harrison Avenue
Panama City, FL 32401
Telehone: 850-387-0910
Facsimile: 850-785-1533
chigby@bryanthigby.com
kbarr@bryanthigby.com